UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM A. HOSEA III, ANTHONY JOHNSON, CLIFFORD PUGH, and ERIC TAPLEY, | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Case No.: 12-1339 ) |
| THE CITY OF BLOOMINGTON, OFFICER CHAMBERS, OFFICER ENGLE, OFFICER MICHAEL GRAY, OFFICER HEINLEIN, OFFICER SARA MAYER, OFFICER SIKORA OFFICER SMITH and OFFICER BRICE STANFIELD | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# O R D E R AND OPINION

This matter is now before the Court on the Plaintiff Eric Tapley's ("Tapley") Motion to Clarify and/or Reconsider [70]. This matter is fully briefed and this order follows.

In his amended complaint, Tapley brought claims against Defendants Officer Chambers, Officer Heinlein, Officer Sara Mayer, Officer Sikora, and Officer Brice Stanfield for illegal seizure and malicious prosecution stemming from a stop that occurred on September 15, 2011. The Court granted Defendants' Motion for Summary Judgment on the malicious prosecution claim finding Tapley was unable to establish an absence of probable cause.  The Court allowed the illegal seizure claim to proceed to trial stating there was a dispute as to whether Officer Mayer and Sikora had probable cause to arrest Tapley.  Tapley argues the Court's Summary Judgment opinion is inconsistent as to whether the Defendants had probable cause to arrest him on September 15, 2011.  As requested, the Court will clarify its Summary Judgment Opinion. In

addition, the Court will address the issue of malice, which was raised in the Defendants' Motion for Summary Judgment, but not addressed in the Court's initial Order.

To establish a claim for malicious prosecution, Plaintiffs must show: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) that the proceeding terminated in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages. See Swick v. Liautaud, 169 Ill. 2d 504, 512 (1996). In order to prove malice, Plaintiff must show that the Defendants committed some improper act after arresting the Plaintiff without probable cause. McDade v. Stacker, 106 F. App'x 471, 475 (7th Cir. 2004). Examples of improper acts include knowingly making misstatements, testifying untruthfully, or covering up exculpatory evidence. See Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 901 (7th Cir. 2001); see also, Reed v. City of Chicago, 77 F.3d 1049, 1053–54 (7th Cir. 1996).

The issue now before this Court is whether summary judgment can be granted as to a malicious prosecution claim if there is a question as to whether or not probable cause existed. The Plaintiff asserts that if the Court cannot find that probable cause existed, as a matter of law, then summary judgment cannot be granted as to his malicious prosecution claim on an "absence of probable cause" basis. After reviewing the facts of the case again, the Court finds that indeed it can.  In addition, this Court finds that Tapley failed to establish malice on the part of the officers.

There are certain facts in dispute as Tapley and the officers have different versions of what was said between them.  Tapley alleges Chambers told Sikora to put a Taser to Tapley's head so Tapley got out of the car and put his hands up.  Officer Chambers alleges he opened the driver side door and grabbed Tapley's forearm asking him to step out and Tapley pulled away,

bucked his grasp, and pulled Chambers' arms inside the vehicle. Tapley denies Chambers' version in its entirety; therefore, this Court did not make a finding as a matter of law as to whether probable cause existed as to the September 15, 2011 arrest, but found that this claim must be decided by a jury.

The fact that an objective viewing of the facts could lend to either conclusion as to whether probable cause existed does not obviate the honest belief by the officers that Tapley could be guilty of obstruction. If there are reasonable grounds for believing that a person, Tapley in this case, is guilty of committing a crime, such belief constitutes an absolute to bar to an action for malicious prosecution. Magnus v. Cock Robin Ice Cream Co., 52 Ill. App. 3d 110, 116 (Ill. App. Ct. 1st Dist. 1977), Harpham v. Whitney, Harpham v. Whitney, 77 Ill. 32, 39 (1875). Berner v. Prairie State Bank, 281 Ill. App. 31 (1935). The fact that Tapley believes that probable cause did not exist does not change the reasonable belief by the officers that it did. Therefore, this Court believes you can have both an honest dispute as to whether probable cause existed and a bar to a malicious prosecution claim. Summary judgment is therefore granted on this point.

This Court now turns to whether or not the officers acted with malice. In order to establish malice, a Plaintiff must show that the officers gave perjured testimony, falsified any information of evidence, withheld exculpatory evidence, or exerted pressure or influence over the prosecutor. See Sneed v. Rybicki, 146 F.3d 478, 481 (1998); Reed v. City of Chicago, 77 F.3d 1049, 1053-54 (1996). Here, Tapley has made no allegations that the officers gave perjured testimony, hid exculpatory evidence, or committed any improper acts after Tapley's arrest. In his Additional Material Facts, Tapley merely stated that "Sikora, Stanfield and Chambers each testified at Tapley's criminal trial for the obstruction charge placed against him." Just the mere fact that the officers testified as to their version of the events as they pertained to the September

3

15, 2011 arrest is not enough to make a showing that the officers acted with malice. Id. Therefore, summary judgment is granted on this point as well

Accordingly, the Court finds that this reasoning is consistent. Tapley was able to show there was an issue as to a material fact as to whether the officers has probable cause to stop him on September 15, 2011; however, the Court finds that Tapley was unable to overcome the burden of proving that there was not an honest, reasonable belief by the officers at the time of the arrest that he was guilty of Obstruction. In addition, as stated above, Tapley has failed to prove malice, as well.

Plaintiff's Motion [70] is GRANTED as to CLARIFICATION and DENIED as to RECONSIDERATION.  The remaining issues triable issues are Tapley's Fourth Amendment Seizure claims resulting from the May 2011 stop and September 15, 2011 stop.  This Court will address pre-trial matters during the phone conference on October 10, 2014 and this matter remains set for jury trial on November 3, 2014.

Entered this 10th day of October, 2014.

                                            /s/ James E. Shadid
                                            James E. Shadid
                                            Chief United States District Judge