UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM A. HOSEA III, ANTHONY JOHNSON, CLIFFORD PUGH, and ERIC TAPLEY, <br><br> Plaintiffs <br><br> v. <br><br> THE CITY OF BLOOMINGTON, OFFICER CHAMBERS, OFFICER ENGLE, OFFICER MICHAEL GRAY, OFFICER HEINLEIN, OFFICER SARA MAYER, OFFICER SIKORA OFFICER SMITH and OFFICER BRICE STANFIELD <br><br> Defendants. | Case No.: 12-1339 |

# O R D E R AND OPINION

This matter is now before the Court on the Plaintiff Eric Tapley's ("Tapley") and Defendants Officer Chambers, Officer Heinlein, Officer Sara Mayer, Officer Sikora, and Officer Brice Stanfield's ("Defendants") Memoranda of Law on the Issue of Qualified Immunity. The parties have requested that the Court grant summary judgment on the issue of qualified immunity. Given the state of record, for the reasons set forth below the Court denies the parties' request.

The Plaintiff argues an illegal seizure arising from the arrest for obstruction of justice on September 15, 2011. However, one cannot get to the arrest without analyzing the initial stop.

If the music was loud enough to warrant a stop, then the officers are entitled to qualified immunity. However, if the parties are disputing whether the officers were untruthful about the basis for the stop, the issue must be decided by a jury. "To determine whether a police officer has

qualified immunity in a 42 U.S.C.S. § 1983 suit, one must know whether the facts apparent to the arresting officer would have caused a reasonable officer to believe there was probable cause to arrest the plaintiff. Where there are critical disputes over what facts were apparent to the officer at the time of the arrest, this is a question that must be resolved by a trier of fact." Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 753(7th Cir. 2006). In other words, are the officers saying the music was loud only as a pretext for the stop knowing full well the music was not loud enough to violate the ordinance? That is the question of fact found by the Court from the parties' briefing, and the state of the record.

The Defense has contributed to the issue of material fact by blurring and mischaracterizing the record. Defendants' Statement of Undisputed Material Facts 308 states, "Tapley stopped briefly at the Food Mart and his music was very loud." In support of this statement, Defendants cited Tapley deposition, page 48 and Officer Stanfield deposition, page 159-160. The Court has carefully reviewed the Tapley deposition and it simply does not state that Tapley conceded that his music was "very loud." Further, this fact was disputed by the Plaintiff. (Doc. Entry 61, pg. 29). The record shows that Stanfield said the music was "very loud", but not Tapley, who only said "loud". Given the discrepancy, Stanfield saying it is so does not make it so for the purpose of summary judgment.

In addition, Plaintiff's counsel represented to this Court during the October 10, 2014 hearing that Tapley's music was loud but not loud enough to warrant a stop. Plaintiff seemed to suggest that the officers' stop was pretextual by stating "despite the fact that the only justification for stopping Tapley on September 15, 2011 was loud music, four officers and a canine arrived at the scene of Tapley's traffic stop." (Doc. Entry 61, pg. 107). Further, Tapley indicated in his deposition that the officers did not provide him with a reason for the stop (Tapley

Depo, pg. 49). However, in his Response in Opposition to Defendants' Motion for Summary Judgment, Tapley's seems to argue that his seizure claim arose from his arrest on September 15, 2011, not the initial stop, confusing the issue further. (Doc. Entry 61, pg. 109).

Due to the state of the record as to whether Tapley's music was loud enough to warrant a stop, the Court taking the facts in a light most favorable to the Plaintiff, found a question of material fact as to the initial stop. Taking that one step further and again based on the state of the record, the dispute over whether the officers were truthful as to the reason for the stop precludes any protection of qualified immunity. Therefore, in spite of the fact that both parties wish to have the court enter Summary Judgment on the issue of qualified immunity, it will not do so as long as the record stands as is.

If Plaintiff is now conceding that there is no disputed fact as to whether Tapley's music was loud enough to warrant the initial stop, then Plaintiff's illegal seizure claim arising from his arrest on September 15, 2011 must fail and summary judgment will enter as it is well-settled that when police officer "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001). This is true even if the minor criminal offense is a traffic offense. United States v. Childs, 277 F.3d 947, 953 (7th Cir. 2002) (en banc). So long as a police officer has probable cause to believe that a person has committed a crime, then it is not constitutionally relevant whether "the person was arrested on . . . charges for which there was no probable cause." Holmes v. City of Hoffman Estates, 511 F.3d 673, 682 (7th Cir. 2007). However, absent Plaintiff's concession that music was loud enough to violate the ordinance, this is not the situation presented by the record at this time.

If Plaintiff is not conceding this fact, then Plaintiff's agreement that Defendants are entitled to summary judgment on the issue of qualified immunity is misplaced and the issue of an illegal seizure will proceed to trial. In short, Plaintiff cannot disagree with the state of the record, interpret prior court orders with footnotes that tell the Court it previously found probable cause when it clearly did not, and still join the defense requesting summary judgment on the issue.[1] For reasons known only to the Plaintiff it seems that the Plaintiff wishes the Court to improperly dismiss the remaining claims. As long as the state of the record has the Plaintiff questioning the veracity of the officers as to the legality of the basis for the stop the matter will not be dismissed at the summary judgment stage.

The remaining issues triable issues are Tapley's Fourth Amendment Seizure claims resulting from the May 2011 stop and September 15, 2011 stop. This Court will contact the parties to schedule a phone conference to address any final pre-trial matters and this matter remains set for jury trial on November 3, 2014.

Entered this 20th day of October, 2014.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge

---

[1] The Court notes that Plaintiff continues to argue that this Court made an affirmative finding as to probable cause. The Court reiterates that it did not do so. The Court's finding that Plaintiff failed to establish an absence of probable cause, which is required in order to sustain a malicious prosecution claim, is not equivalent to a finding that probable cause existed.